IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEROME BRANTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:02cv1425-WHA |
| | ) | |
| OFFICER SUSAN PERRYMAN, | ) | (WO) |
| | ) | |
| Defendant. | ) | |

### **ORDER**

This cause is before the Court on the Plaintiff's Motion in Limine (Doc. #51). The Plaintiff prays that the Court exclude any evidence regarding: (1) the specifics of the Plaintiff's rape convictions, and (2) prior violations of jail disciplinary rules. For the reasons set forth below, the Plaintiff's Motion in Limine is due to be DENIED.

In regard to the Plaintiff's request that the specifics of his rape conviction be excluded, Plaintiff relies on Federal Rule of Evidence 403, arguing that the prejudicial nature of the evidence outweighs its probative value under Rule 609(a)(1). Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." Fed. R. Evid. 403. In the present situation, however, the probative value of the evidence is significant, because, if the Plaintiff testifies, the jury will have to assess the credibility of the Plaintiff and, under Rule 609, evidence of a felony conviction is admissible to attack the credibility of a witness. Fed. R. Evid. 609.

In support of his contention, the Plaintiff points to case law in which evidence regarding the details of a witness's prior convictions was excluded. *See Foulk v. Charrier*, 262 F.3d 687 (8th Cir. 2001). In *Foulk*, the trial court excluded evidence that a prisoner's prior felony convictions were for rape and sodomy. *Foulk*, 262 F.3d at 689-70. The Eighth Circuit affirmed,

finding that the evidence offered was not "probative on the issue of credibility." *Id.* The present case is distinguishable from *Foulk,* however, because the court in that case determined that the credibility of the witnesses was not paramount to the outcome of the case. This case more closely resembles the earlier Eighth Circuit case of *Cummings v. Malone*, 995 F.2d 817, 825 (8th Cir. 1993), which was distinguished in *Foulk*. *Cummings* held that evidence of prior convictions was admissible because the jury's assessment of the plaintiff's credibility was paramount to that case. Similarly, in the present case, the outcome likely will turn on which witnesses to believe. Thus, credibility is paramount, and the jury should be presented with the information necessary to assess the credibility of the witnesses, including the specifics of the Plaintiff's felony convictions. The highly probative value of this evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403.

This determination does not suggest that the Defendant will have free reign to discuss all details regarding the Plaintiff's convictions. Instead, the Defendant will be limited by the guidance of the Eleventh Circuit in *U.S. v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998), and only will be able to introduce evidence that the Plaintiff is a convicted felon, that the Plaintiff was convicted of the felonies of rape and sodomy, the dates of each conviction, the penalties imposed and that the Plaintiff currently is imprisoned for committing those felonies. Therefore, in regard to the Plaintiff's request that the specifics of the Plaintiff's rape convictions be excluded, it is hereby ordered that the Plaintiff's Motion in Limine is DENIED.

The court further notes that, in addition to its relevance as to credibility, the fact of prior convictions for rape and sodomy might be relevant to explaining the actions of the Defendant if she testifies that she had knowledge of them and that this knowledge factored into her decision to take the action she did.

The Plaintiff also seeks to exclude evidence of his prior violations of jail disciplinary rules, arguing that such evidence is both irrelevant and inadmissible as evidence of prior bad acts offered to prove conformity therewith. The Plaintiff further argues that the danger of unfair prejudice outweighs the probative value associated with the presentation of such evidence. The court does not agree with the Plaintiff's contentions.

First, evidence of the Plaintiff's prior violations of jail disciplinary rules of which the Defendant was aware is relevant in this case, because an alleged violation of the rules sparked the activity giving rise to this action. Such evidence is pertinent in determining whether Defendant's actions were affected by the knowledge of the Plaintiff's history for similar occurrences, assuming that the Defendant testifies that she was aware of such.

Second, Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan [or] knowledge. . . ." The purposes set forth in this rule are illustrative, not exhaustive. *See Umdemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001) (rejecting the contention that Rule 404(b) contains a comprehensive list of the purposes for which evidence can be relevant when proffered to prove something other than character). Furthermore, the Supreme Court has indicated that evidence of prior bad acts is admissible so long as it is not offered to prove character, but instead to prove any material issue other than character. *Huddleston v. United States*, 485 U.S. 681, 687-88 (1988). Thus, evidence of the Plaintiff's prior violations of jail disciplinary rules is admissible under Rule 404(b) to show the Defendant's rationale for employing the measures taken. The Defendant's knowledge of the Plaintiff's prior violations directly affects how she perceived and reacted to the situation at issue in this case. The evidence

is not offered to prove character, but to prove the effect upon the Defendant. Therefore, under Rule 404(b), evidence of prior violations of jail disciplinary rules, of which the Defendant was aware, is admissible.

Finally, as noted above, Rule 403 excludes evidence if its probative value is outweighed by the danger of unfair prejudice. In the present situation, however, the Plaintiff has not presented a substantial rationale indicating why the danger of unfair prejudice significantly outweighs the probative value of the evidence. Therefore, Rule 403 is not dispositive. Should the balance, at trial, sway towards the evidence having a substantial, outweighing, prejudicial effect, the court will address any objections at that time, but a blanket prohibition of the evidence based on Rule 403 is not warranted at this time. Therefore, in regard to the Plaintiff's request that evidence of prior violations of jail disciplinary rules be excluded, it is hereby ordered that the Plaintiff's Motion in Limine is DENIED.

To the extent that the Plaintiff objects to evidence of subsequent violations of disciplinary rules, the court will reserve ruling until the Defendant advises the court at trial that she wishes to offer such evidence and the matter is taken up outside the presence of the jury.

Done this 27th day of September, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE